United States District Court
Southern District of Texas

**ENTERED**

July 20, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SALVADOR E. VILLAREAL SUAREZ, | § § | CIVIL ACTION NUMBER 4:26-cv-04899 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RAYMOND THOMPSON, *et al*, | § § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Salvador E. Villareal Suarez filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 19, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) the Administrative Procedure Act, and (iii) the Fourth Amendment and 8 CFR §287.7(d). See Dkt 1 at ¶¶14, 33–48.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government to dismiss or, alternatively, for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 4–6. It further contends that each of Petitioner's claims fail on the merits. Id at 6–14.

On reply, Petitioner states that he doesn't challenge the application of §1225(b)(2) to him but rather contends that his continued detention violates due process. Dkt 6 at 1. He also restates arguments in support of his claims under the Fourth Amendment and 8 CFR §287.7(d). See id at 1–2.

The parties have subsequently stated their positions with respect to the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). See Dkts 8 & 9.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026).

On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez*, 2026 WL 1906557. With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also determined certain issues raised in the petition. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-

removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest.

o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

The arguments in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above, with the exception of Petitioner's arguments under 8 CFR §287.7(d). That regulation provides that other law enforcement agencies are to maintain custody of a detainee "for a period not to exceed 48 hours" upon decision by DHS to issue a detainer as to that detainee. Petitioner claims that his detention is unlawful because he was held for fifty-three hours by state law enforcement following dismissal of criminal charges against him. See Dkts 1 at ¶¶40–48 & 6 at 1–2. He also cites Fifth Circuit authority rejecting a facial challenge to a Texas law requiring municipalities to comply with §287.7(d), and he purports to bring the as-applied constitutional challenge contemplated there. Dkt 1 at ¶¶43–44, citing *City of El Cenizo v Texas*, 890 F3d 164, 190 (5th Cir 2018).

These arguments fail on the merits. Petitioner challenges the lawfulness of his arrest by federal authorities but doesn't contest that §1225(b)(2)(A) applies to him. See Dkt 6 at 1. As stated above, the undersigned has determined that the lawfulness of arrest doesn't impact the legality of detention following that arrest. See

*Llanes Carnesolta*, 2026 WL 948727 at *4. Beyond this, *City of El Cenizo* involved a challenge by various municipalities to a Texas statute rather than a detainee bringing a petition for writ of *habeas corpus*. See 890 F3d at 185. And nothing cited in that decision indicates that detention by *state* law enforcement beyond the forty-eight hour period contemplated by 8 CFR §287.7(d) renders subsequent detention by *federal* authorities unlawful.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Salvador E. Villareal Suarez is DENIED. Dkt 1.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on July 20, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge